# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Regina M. Rodriguez

Civil Action No. 26-cv-01309-RMR

RAFAELA DEL CARMEN MERINO-MORAN,

      Petitioner,

v.

JUAN BALTASAR, Warden, Aurora ICE Processing Center, Aurora, Colorado, in their official capacity,
GEORGE VALDEZ, Acting Director of the Denver Field Office for U.S. Immigration and Customs Enforcement, in their official capacity;
MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, in their official capacity;
U.S. DEPARTMENT OF HOMELAND SECURITY,
TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement, in their official capacity;
PAMELA BONDI, Attorney General of the United States, in their official capacity; and
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

      Respondents.

---

## ORDER

---

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1. Respondents filed a Response to Order to Show Cause, ECF No. 12, and Petitioner filed her Reply, ECF No. 13.[1] The Court has reviewed the Petition, the related briefing, and the applicable case law. As the

---

[1] The Court notes that, pursuant to Fed. R. Civ. P. 25(d), Todd Blanche Acting Attorney General for the United States was substituted as a party for the former Attorney General Pamela Bondi in the Response and Reply.

briefing demonstrates, Petitioner's challenge is fundamentally legal in nature, and, for the reasons outlined below, the Court **GRANTS** the relief requested.

## I.    BACKGROUND

Petitioner is a 40-year-old citizen of El Salvador who has lived in the United States for approximately seven years. ECF No. 1 ¶ 44. She is a mother of 16- and 14-year-old daughters who are both permanent residents of the United States. *Id.* ¶¶ 44, 46. She has no criminal or arrest record, until her detention by Immigration and Custom Enforcement ("ICE") on November 18, 2025. *Id.* ¶ 45. In 2018, she applied for a visa but her application was denied in February 2019. ECF No. 12 at 4. Even so, she entered the United States without inspection or admission around June 2019. *Id.*

Petitioner was encountered by ICE on November 18, 2025 during an operation targeting another individual. *Id.* She was arrested and has been detained since her arrest. *Id.* Counsel first appeared in this case at a Master Hearing conducted on February 13, 2026 and advised the Immigration Court that he would assist Petitioner with her I-589 Application for Asylum and for Withholding of Removal. ECF No. 1 ¶ 51. The Immigration Court required Counsel to file the I-589 Asylum Application on February 17, 2026, which Counsel complied with. *Id.* ¶¶ 53-54. On February 26, 2026, Counsel filed a motion seeking a bond hearing to redetermine Petitioner's custody. *Id.* ¶ 57. On March 6, 2026, Petitioner received an evidentiary bond hearing that lasted about 45 minutes and, thirty minutes after the conclusion of the hearing, the Immigration Judge ("IJ") issued a one sentence order denying a change in her custody status finding "Denied, because Failure to demonstrate not a flight risk." *Id.* ¶ 59.

Prior to the bond hearing, Counsel filed a motion for a continuance of the March 12 individual merits hearing on the asylum application. *Id.* ¶ 62. The motion was granted on March 11, 2026 but no date has been further set by the Immigration Court. *Id.* ¶ 63.

## II.    ANALYSIS

Petitioner asserts constitutional and statutory claims, *see* ECF No. 1 at 13-15, seeking a bond hearing or immediate release, *see generally id.* Respondents argue that Petitioner already "received a bond hearing that comports with due process, and the Court should not order a second hearing with an enhanced burden on the government." ECF No. 12 at 4. Respondents make three arguments: (1) Petitioner has not exhausted her administrative remedies by appealing to the Immigration Judge's bond determination, *id.* at 5; (2) Petitioner received a bond hearing that comported with due process, *id.* at 7; and (3) the Court should not review the Immigration Judge's bond decision, *id.* at 11. The Court addresses each of Respondents' arguments below.

### A.  Exhaustion of Remedies

First, in the immigration context, "exhaustion of remedies is statutorily required only for appeals of final orders of removal." *Quintana Casillas v. Sessions*, No. CV 17-01039-DME-CBS, 2017 WL 3088346, at *8 (D. Colo. July 20, 2017) (citing *Hoang v. Comfort*, 282 F.3d 1247, 1254 (10th Cir. 2022), *cert. granted and judgment vacated on other grounds sub nom. by Weber v. Phu Chan Hoang*, 538 U.S. 1010 (2003)). Here, Petitioner is not appealing a final order of removal. Instead, she challenges the Immigration Judge's analysis (and lack thereof) in her bond hearing decision, and exhaustion is not mandatory. *See Molina Ochoa v. Noem*, 2025 WL 3125846, at *9 (D.N.M. Nov. 7, 2025) (finding that

exhaustion was not a bar to consideration of habeas petition challenging denial of a bond hearing).

### B. Petitioner's Bond Hearing

Second, Respondents contend Petitioner received a bond hearing that comported with due process. Indeed, Petitioner received a bond hearing and, approximately 30 minutes after the hearing, the Immigration Judge issued a one sentence order stating: "Denied, because Failure to demonstrate not a flight risk." *See* ECF No. 1 at 18. The Immigration Judge's order does not include any analysis or shed light on who had the burden to demonstrate whether Petitioner was a flight risk. Petitioner contends "the government bears the burden to establish by clear and convincing evidence that she is a danger to the community or a flight risk, and, if the government cannot meet its burden, Petitioner must be ordered released." ECF No. 1 at 14. Respondents argue that Petitioner "has not established that the immigration judge's allocation of the burden on her at the bond hearing violates due process." ECF No. 12 at 7.

The Court assesses burden of proof by the "type of process required in a given case" using the *Mathews* balancing test. *Vizguerra-Ramirez v. Baltazar*, No. 25-CV-00881-NYW, 2025 WL 3653158, at *13 (D. Colo. Dec. 17, 2025) (citing *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1180 (D. Colo. 2024)). "The *Mathews* test includes three factors: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the

additional or substitute procedural requirement would entail." *Id.* (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

First, "the private interest impacted by Respondents' actions is 'the most significant liberty interest there is—the interest in being free from imprisonment.'" *Id.* at *14 (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020)). As Judge Wang notes, "Congress may make rules as to aliens that would be unacceptable if applied to citizens. But that power remains subject to important constitutional limitations. Nor does it erase [Petitioner's] significant interest in being free from detention." *Id.* (citations omitted). Therefore, the first *Mathews* factor favors Petitioner.

Second, the Court analyzes "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional substitute procedural safeguard." *Id.* (citing *Mathews*, 424 U.S. at 335)). In *Vizguerra-Ramirez*, Judge Wang considers the fact that proving that Petitioner is neither a flight risk nor a danger to the community puts her "in the more difficult position of proving a negative." *Id.* The same is true in this case. Also, as Judge Wang notes, "the Court has no reason to doubt that information establishing those risks is within the Government's possession and control." *Id.* Further, Petitioner has alleged that her detention was improperly based on a traffic stop targeting another individual and statements made after her arrest. ECF No. 1 ¶ 2. Requiring the government to affirmatively establish its case for continued detention may cure any constitutional issues in its decision to detain Petitioner in the first place. *Vizguerra-Ramirez*, 2025 WL 3653158, *14. Thus, this factor also weighs in favor of Petitioner.

Third, the Court considers the Government's interest, such as any fiscal or administrative burdens. In their response, Respondents concede that providing Petitioner another bond hearing would not be unduly burdensome. Respondents state "[i]f the Court determines that Petitioner's due process rights required additional protections and grants the petition, the appropriate relief would be for the Court to direct a new bond hearing be conducted before an immigration judge with the burden placed on the government to demonstrate by clear and convincing evidence that Petitioner is a danger to the community or that she is a flight risk by a preponderance of the evidence." ECF No. 12 at 10-11. Given this and that the first two *Mathews* factors weigh in favor of Petitioner, the Court finds that the *Mathews* factors support shifting the burden of proof at Petitioner's bond hearing to the Government.

## C. Immigration Judge's Bond Hearing Decision

Finally, Respondents argue "this Court may not review the merits of the immigration judge's ruling" because the Court lacks jurisdiction pursuant to § 1226(e). ECF No. 12 at 11-12. Section 1226(e) states that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). As discussed above, the Court is not seeking to set aside the Immigration Judge's decision. Rather, the Court has determined that Petitioner's due process rights required additional protections and the burden of proof should have been placed on the Government rather than Petitioner.

6

Therefore, the Court orders Respondents to release Petitioner immediately until she receives a new bond hearing under 8 U.S.C. § 1226(a), at which the Government shall bear the burden of justifying by clear and convincing evidence of dangerousness or flight risk.

### III.     CONCLUSION

Accordingly, consistent with the foregoing analysis and based on the Court's review of the filings and documents before the Court, pursuant to the Court's authority under 28 U.S.C. § 2241(c)(3), **IT IS HEREBY ORDERED THAT**:

1. Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**;

2. Respondents are ORDERED to release Petitioner immediately until she receives a bond hearing under 8 U.S.C. § 1226(a), at which the Government shall bear the burden of justifying by clear and convincing evidence of dangerousness or flight risk, within **SEVEN DAYS** of the date of this Courts order,

3. Respondents shall file a status report within **TWO DAYS** of Petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED: April 24, 2026

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge